### In re VOGUE INSTRUMENT CORP., Bankrupt.

### Bankruptcy No. 78 B 2063 (CHG).

United States Bankruptcy Court, E.D. New York.

June 28, 1983.

Ira S. Greene, New York City, trustee in bankruptcy.

Raymond J. Dearie, U.S. Atty., Eastern Dist. of N.Y., Brooklyn, N.Y., for United States; Laura R. Handman, Asst. U.S. Atty., Brooklyn, N.Y., of counsel.

## MEMORANDUM and ORDER

CECELIA H. GOETZ, Bankruptcy Judge:

Pending before the Court in this proceeding brought under the Bankruptcy Act of 1898 (former 11 U.S.C. § 1, *et seq.*), are motions which would terminate this Court's power to adjudicate claims filed by the United States Government against the bankrupt herein, and counterclaims against the Government and its agencies asserted in response by the trustee in bankruptcy.

In this proceeding, looking to the liquidation of the debtor and distribution of its assets among its creditors, three claims in very substantial amounts have been filed by various Departments of the United States. All are based on procurement contracts. The Department of the Navy has filed a claim in the amount of $100,018.25 (Claim # 59), the Department of the Army has filed a claim for $1,210,625 (Claim # 60), and the Department of the Air Force has filed two claims: an earlier claim for $486,-411.51 (Claim # 61), superseded by a claim for $491,691.51 (Claim # 87).

With reference to all three claims, the trustee has moved to have them expunged, and, in addition, has moved to have judgment entered on counterclaims which the trustee is asserting against each of the claimants arising out of the same contracts which give rise to the Government's claim. In answer to Claim # 59, the trustee has asserted a counterclaim in the amount of $150,000; with reference to Claim # 60, the trustee's counterclaim is for $1,500,000; and in response to Claims # 61 and # 87, the counterclaim is seeking a judgment against the Department of the Air Force in the amount of $750,000.

On the ground of sovereign immunity, the United States has filed what it denominates a cross-motion to dismiss, in whole or in part, each of the counterclaims filed against the Departments of the Army, Navy, and Air Force. The United States asserts that the only forum in which claims may be asserted against it in the amounts here involved is the Court of Claims.

For different reasons, the Government likewise challenges the jurisdiction of the Court to adjudicate its claims against the bankrupt. It challenges such jurisdiction because the claims arise out of various Government contracts which contain the traditional "disputes" clause, a mandatory provision of Government procurement contracts prescribed by Armed Services Procurement Regulations, 32 CFR § 7–103–12, pursuant to statutory authorization, Armed Services Procurement Act, 10 U.S.C. § 2301, *et seq.* The Government argues that the disputes clause prescribes the unique method for resolving the issues here involved. It contends that the bankruptcy court has an absolute duty to defer to the forum provided by the disputes clause, or, alternatively, that the Court should so defer in the exercise of its discretion.

## THE FACTS

The facts relevant to this motion are not in dispute.

On August 22, 1978, Vogue Instrument Corp. ("Vogue") filed under Chapter XI of the Bankruptcy Act of 1898, as amended. At the time Vogue filed, there was pending

before the Armed Services Board of Contract Appeals ("ASBCA") appeals which it had taken in connection with the termination by the Contracting Officer for default on three contracts [1] which it held with the United States Departments of the Army,[2] the Navy,[3] and the Air Force.[4]

Upon filing the petition, the bankrupt requested the ASBCA dismiss its appeals without prejudice, which request was granted in September, 1978. The appeals, however, were reinstated in September, 1981, again at the request of the bankrupt. On July 12, 1982, the trustee filed complaints with the ASBCA alleging that the termination of these contracts was improper.

In the meantime, on February 2, 1979, the Government filed its proofs of claim, one of which it amended on November 21, 1979.

The trustee's motions dated July 12, 1982 to expunge the claims track the complaints filed by the bankrupt before the ASBCA the same date.

This Court has authorized special counsel to represent the bankrupt before the ASBCA.

The bankrupt has requested that any hearing before the ASBCA be held in New York City, which the procedures of the ASBCA permit, and the Government has indicated that this will be done.

## THE POSITIONS OF THE PARTIES

The trustee argues that the bankruptcy court has a duty to hear and pass on the trustee's objections to the Government's claims (see *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966)); that the "disputes clauses" in the contracts in question does not operate to divest the bankruptcy court of its duty to pass on the trustee's objections to claims; and that the bankruptcy court, pursuant to its equitable powers, has jurisdiction over the trustee's counterclaims.

The Government, on the other hand, asserts that the bankruptcy court lacks jurisdiction over the bankrupt's contract claims pursuant to the procedure mandated by the "disputes clauses," or, in the alternative, that the bankruptcy court should defer to ASBCA because of its particular expertise in Government contract matters and for reasons of judicial economy.

## DISCUSSION

What is involved here, as the Sixth Circuit has pointed out in a comprehensive analysis in a very similar case, is a collision between "two inclusive, exclusive, sweeping schemes, both of which the Supreme Court has endorsed." *In re Gary Aircraft Corp.*, 698 F.2d 775, 780 (5th Cir.1983).

On the one hand, the disputes clause vests exclusive jurisdiction in the ASBCA of all controversies arising out of procurement contracts with the Government. The clause is:

"a clear, unambiguous provision applicable at all times and binding on all parties to the contract. No court is justified in disregarding its letter or spirit * * *. This mechanism, moreover, is exclusive in nature. Solely through its operation may claims be made and adjudicated as to matters arising under the contract." (Citations omitted.) *United States v. Joseph A. Holpuch Co.*, 328 U.S. 234, 239–40, 66 S.Ct. 1000, 1003, 90 L.Ed. 1192 (1946).

---

1. The Air Force contract was terminated on 3/1/77 for default due to Vogue's "failure to deliver the contract items within the required time as specified in the contract." The Army contract was terminated on 3/20/78 for "failure to timely deliver First Article test reports." The Navy contract was terminated on 6/26/78 for failure "to make delivery within the meaning of the clause entitled First Article Approval-Government Testing." Trustee's Applications, 7/12/82.

2. Contract No. DAAA 25–76–C–0172, dated 11/26/75, directed Vogue to produce and supply ballistic computers.

3. Contract No. 00406–76–C–0488, dated 8/12/76, directed Vogue to manufacture and deliver actuators.

4. Contract No. F 34601–75–C–1901, dated 3/10/75, directed Vogue to manufacture and deliver precision potentiometers.

On the other hand, the jurisdiction of the bankruptcy court is *exclusive* of all other courts as to the matters entrusted to it for determination:

"Among the granted powers [of bankruptcy courts] are the allowance and disallowance of claims, the collection and distribution of the estates of bankrupts and the determination of controversies in relation thereto; the rejection in whole or in part 'according to the equities of the case' of such judgments 'as may be necessary for the enforcement of the provisions of the act.' *In such respects the jurisdiction of the bankruptcy court is exclusive of all other courts.*" (Footnotes omitted; emphasis supplied.) *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

■ The Sixth Circuit in the *Gary* case concluded that, despite the exclusivity of the jurisdiction given bankruptcy courts over claims, the bankruptcy court was required, as a matter of law, to defer liquidation of a Government contracting dispute to the ASBCA. Whether the Second Circuit would be prepared to follow the Sixth Circuit in concluding that no discretion is left to the bankruptcy court to do anything but defer to the ASBCA, this Court is persuaded that, absent countervailing considerations, that is the way any discretion should be exercised. The issues raised by the motion to expunge are best decided by the forum best technically equipped and experienced to deal with them. This does not mean that the motions to expunge the claims are themselves dismissed, but that their disposition will be governed by the resolution of the underlying disputes by the ASBCA.

■ Deference, however, to the ASBCA does not dispose of the Government's motion to dismiss for lack of jurisdiction the counterclaims which seek affirmative relief. Although it is true that the sovereign cannot be sued without its consent, the filing of a claim in a court of bankruptcy has been held, in this Circuit, at least, to vest jurisdiction in the bankruptcy court to decide a claim against the Government to the extent of its value as a set-off. *United States v. Roth,* 164 F.2d 575 (2d Cir.1948); *United States v. National City Bank of N.Y.,* 83 F.2d 236 (2d Cir.1936); 1 *Collier on Bankruptcy* ¶ 2.40[1.1], at 264–268.2 (14th ed. 1974). Otherwise, the weight of authority appears to support the position that it is beyond the power of a bankruptcy court to grant relief against the United States on a counterclaim to the extent that it exceeds the Government's claim. *Danning v. United States,* 259 F.2d 305 (9th Cir.1958), *cert. denied,* 359 U.S. 911, 79 S.Ct. 587, 3 L.Ed.2d 574 (1959); *In re Greenstreet, Inc.,* 209 F.2d 660 (7th Cir.1954). Therefore, there is limited jurisdiction in this Court on the bankrupt's counterclaim against the Government up to the value of the Government's claim against the bankrupt. Accordingly, the Government's motion to dismiss for lack of jurisdiction will be denied. However, trial of the bankrupt's counterclaims will not be had until the ASBCA completes its proceedings, which may well moot, or decide, these claims. Since this Court probably cannot give affirmative relief for any amount in excess of the Government's claims, the debtor would be well-advised to press those claims before a tribunal with less limited jurisdiction.

Accordingly, the Court is denying the motion to dismiss the trustee's counterclaims, but is staying all proceedings herein pending action by the ASBCA.

SO ORDERED.