In re MISENER INDUSTRIES, INC., Debtor.

MISENER INDUSTRIES, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 83–2592.
Adv. No. 85–28.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 11, 1985.

Don M. Stichter, Tampa, Fla., for plaintiff.

Marika Lancaster, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Lynne England, Tampa, Fla., for defendant, U.S.A.

## ORDER ON MOTION TO DISMISS COUNTS I AND II

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion of United States of America to Dismiss Counts I and II of Plaintiff's Complaint. The Court has considered the record together with the arguments of counsel and finds the following to be the undisputed facts.

The Debtor/Plaintiff in this case, Misener Industries, Inc. (Misener) contracted to build two barges for the United States Army Corp. of Engineers (the Corp.). The first barge was built and delivered, however, while the second barge was in the process of being built, the Debtor filed its Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code. Subsequently, the Debtor assigned its rights and obligations under the contract to USF & G, the surety bond underwriter on the barge project. USF & G since made arrangements to complete the barge, however, prior to assigning the contract to USF & G,

the Debtor completed a large portion of the second barge and pursuant to the terms of the contract with the Corp., was due certain progress payments. The Debtor now files its complaint and seeks to collect those payments from the Corp.

The United States now seeks an order dismissing two of the three counts contained in the Debtor's complaint. The third count deals with facts separate and apart from those outlined above. The United States claims that this Court lacks jurisdiction to hear this dispute, that the Debtor has no standing to bring this action because it has assigned all its rights under the contracts to USF & G and that this Court should abstain from hearing this dispute pursuant to 28 U.S.C. § 1471(d).

It is the Government's position that this lawsuit is subject to the provisions of the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 601 et seq. Under the CDA, disputes arising regarding payments for the procurement of property by the government must first be presented to the contracting officer for decision. 41 U.S.C. § 605(a). If the contracting officer's decision is disputed it may be appealed to the Armed Services Board of Contract Appeals (ASBCA) or to the United States Claims Court. 41 U.S.C. §§ 606, 609. Until the contracting officer has issued his final decision, a contractor has no dispute which is appealable to either the ASBCA or the Claims Court. This is the scheme, to the exclusion of all others, which Congress has enacted for the resolution of contract disputes involving government procurement contracts.

Likewise, Congress, through enactment of the Bankruptcy Code, has evinced an intention to enact a particularized, yet complete, statutory scheme governing bankruptcy. Therefore, the conflict presented is whether the policy outlined by the Bankruptcy Code outweighs that contained in the CDA.

Judge Goldberg, when faced with the same dilemma in *Gary Aircraft Corporation v. United States (In re Gary Aircraft Corporation)*, 698 F.2d 775 (5th Cir.1983) stated:

We have been presented with two inclusive, exclusive, sweeping schemes, both of which the Supreme Court has endorsed. The disputes clause is something no Court can disregard. Bankruptcy Courts have jurisdiction exclusive of all other Courts. Given such conflicting mandates, what is a poor Circuit Judge to do?

There being no solution provided by Congress it appeared that the judiciary was left discretion to formulate the law and provide an answer. Judge Goldberg went on to examine the nature of judicial discretion and found that while the Court appeared to have discretion with regard to the forum in which government contract disputes should be resolved, that prior cases which has considered the question had limited that discretion and, in fact, had effectively eliminated it. While a court may have discretion, it is limited by the boundaries of prior established case law.

This Court has considered those cases examined in the *Gary Aircraft* case; *Order of Railway Conductors v. Pitney*, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318 (1946) (Railroad Reorganization Court should have deferred to the Railway Labor Adjustment Board); *Smith v. Hoboken Railroad Co.*, 328 U.S. 123, 66 S.Ct. 947, 90 L.Ed. 1123 (1946) (Reorganization Court should defer to Interstate Commerce Commission); *Nathanson v. N.L.R.B.*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952) (Bankruptcy Court should defer to the NLRB for resolution of unfair labor practice claims) as well as a number of other cases; *In re Vogue Instruments Corp.*, 31 B.R. 87 (Bankr.E.D. N.Y.1983) (Bankruptcy Court should defer to ASBCA); *United States v. American Pouch Foods, Inc.* 30 B.R. 1015 (N.D.Ill. 1983) (Bankruptcy Court should defer to ASBCA); *United States v. Economy Cab and Tool Co. (In re Economy Cab and Tool Co., Inc.)*, 47 B.R. 708 (Bankr.D.Minn. 1985); and finds that absent countervailing considerations no discretion is left to the Bankruptcy Court to do anything but defer to the ASBCA.

This Court follows this approach, not only because prior case law dictates that conclusion, but also because it seems the most appropriate in this case.

Even were this Court to find that it does have discretion, it would not change the ruling in this case. In this Court's opinion, the field of government contract disputes is "highly esoteric and technical" *Gray Aircraft supra,* and is better left to the ASBCA. The interests of efficiency and accuracy, at least in this case, clearly outweigh the Debtor's need to litigate its dispute in this Bankruptcy Court. Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Motion of United States of America to Dismiss Counts I and II of Plaintiff's Complaint be, and is hereby, granted and Counts I and II of the Complaint filed by Misener Industries, Inc. be, and are hereby, dismissed.