In re INVADER CORPORATION, Debtor.

**Bankruptcy No. 1-81-00338-K11.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

March 17, 1987.

Ted R. Cackowski, Austin, Tex., for debtor.

Helen M. Eversberg, U.S. Atty. by Gordon D. Laws, Asst. U.S. Atty., San Antonio, Tex., for U.S.

## MEMORANDUM OPINION

LARRY E. KELLY, Bankruptcy Judge.

Pending before the Court is an Amended Proof of Claim filed by the United States of America for the Department of the Navy ("Navy") and the Debtor's Objection thereto.

The Debtor urges this Court to deny the claim as being unreasonable and not setting forth with specific detail any damages or any evidence that would support the liquidation of the Navy's claim in that amount. The Navy argues that this Court lacks subject matter jurisdiction to entertain the issues raised in the Debtor's objection to proof of claim. Alternatively, the Navy asserts that the Debtor's objection is premature. The basis for the challenge to

jurisdiction comes about because the claim at issue arises out of a Government contract and the Navy contends that the mandatory disputes clause contained therein describes the unique method for resolving the issues here involved. Upon argument the Navy states that the Court has an absolute duty to defer to the forum provided by the disputes clause which is first to the Armed Services Board of Contract Appeals ("ASBCA") or the Court of Claims.

## BACKGROUND FACTS

The facts relevant to this proceeding do not appear to be in dispute.

On August 27, 1981 the Debtor filed its Chapter 11 petition.

Prior to this bankruptcy petition the Debtor had been awarded a firm-fixed Navy Contract N00024–80–C–2059 for the construction of twelve MK–4 26–foot personnel boats. As amended, the total value of that contract was $783,094.25. Progress payments totalling over $530,000.00 were approved and paid to the Debtor.

The Debtor completed and delivered one boat in September 1981, but thereafter ceased all work on this contract. By Order dated August 10, 1982 this Court granted the Navy's Motion for Relief from the Automatic Stay to allow it to terminate the contract for default and to recover and take possession of all material and equipment listed in the Motion. The Court Order further allowed the United States to terminate the contract "in accordance with its terms and applicable regulations."

On or about August 12, 1982 the Navy filed a proof of claim, amending an earlier claim. The amount asserted to be due and owing was in excess of $1,200,000.00, which included unliquidated progress payments and estimated excess reprovement costs.

In 1983 and 1984, the Navy attempted to negotiate a new contract with contractors to complete the remaining eleven boats due under the previous contract with the Debtor. In March 1985, the Navy entered 'into a contract with MonArk Boat Company. On or about June 25, 1986 the Navy filed an

Amended and Superseding Proof of Claim in the amount of $613,014.00 for the costs attributable to the termination for default of Contract N00024–80–C–2059. It is this Amended and Superseding Claim to which the Debtor objects.

## ISSUES

The Debtor asserts that the Bankruptcy Court has a duty to determine the issues relating to this claim and the objections interposed against it. The United States on the other hand, argues that this Court lacks jurisdiction and that this issue must be decided by ASBCA or the Court of Claims.

## DISCUSSION

1. The apparent authority for the position taken by the United States is the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 *et seq.* Under the CDA all disputes such as the one at issue here, must first be presented to the contracting officer for decision. 41 U.S.C. § 605(a). If his decision is disputed it may then be appealed to ASBCA or to the United States Claims Court. 41 U.S.C. §§ 606, 609.

2. Until the contract officer issues his final decision, a contractor such as the Debtor, has no appealable issue. It appears that this scheme was intended to be an exclusive avenue for the resolution of contract disputes involving government procurement contracts. This conflicts with the scheme enacted by Congress for resolving disputes involving estates of bankrupts. *See,* 28 U.S.C. §§ 157(b)(2)(A); 1334(a); 11 U.S.C. §§ 501 *et seq.*

3. This issue has been addressed previously in this Circuit. *Gary Aircraft Corporation v. United States (In re Gary Aircraft Corporation),* 698 F.2d 775 (5th Cir.1983). In that case Justice Goldberg explored the arguments of the parties, first discarding the Government's claim that the CDA disputes clause was to be considered as being congressionally mandated and second, discarding the contractor's claim that the dispute mechanism was nothing more than a contractual clause and "of little moment."

4. The Justice went on to note that there were no solutions to the two schemes set up by Congress, and it appeared that the judiciary was left discretion to formulate the law and provide an answer. *In re Gary Aircraft, supra,* at 780. In examining prior Supreme Court decisions, the Fifth Circuit decision went on to hold that in light of the specialized forum and technical expertise of ASBCA, that the Bankruptcy Court should defer liquidation of a government contracting dispute to ASBCA.

5. This same analysis has been undertaken in more or less detail by other tribunals. *See, e.g. In re American Pouch Foods, Inc.,* 30 B.R. 1015 (D.C.N.D.Ill.1983) (in deciding to abstain, Court noted that the claim in issue involved a government contract dispute and held that "... ASBCA provides expertise, uniformity, and speed in resolving Government contract disputes." Also, "... Court of Claims provides expertise resulting from history of exclusive jurisdiction in Government contact disputes."); *In re Vogue Investment Corp.,* 31 B.R. 87 (Bankr.E.D.N.Y.1983) (citing the Fifth Circuit decision of *In re Gary Aircraft* as reason to defer to ASBCA); *In re Misener Industries, Inc.,* 54 B.R. 89 (Bankr.M.D. Fla.1985) (also examining these same issues and holding that "... the field of government contract disputes is 'highly esoteric and technical' ... and is better left to the ASBCA.")

This Court recognizes that the Fifth Circuit decision *In re Gary Aircraft* stated in footnote 1 on page 776 that its decision was based on the Bankruptcy Act of 1898, as amended, rather than the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 101 *et seq.* ("Code") and therefore the Court was not concerned with the Code which had just been declared to be unconstitutional. *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Of course, since this decision the Code has been amended. *See* Pub.L. 98–353, Title III, §§ 426, 427 July 10, 1984, 98 Stat. 369 and also Pub.L. 99–554, Title II, §§ 204, 254, 283(b), Oct. 27, 1986, 100 Stat. 3088. It now generally appears that the jurisdic-

tional scheme enacted for Bankruptcy Courts will pass Article III muster. *See generally Norton Bankruptcy Adviser,* 1986–9, "Let Those Who Doubt Thomas Be Shor: Northern Pipeline Is Dead." *Contra, In re L.T. Ruth Coal Co.,* 66 B.R. 753 (Bankr.E.D.Ky.1986).

This Court, however, believes that the logic of Justice Goldberg in the *Gary* case is still persuasive.

 This Court believes that it does have proper jurisdiction under the Bankruptcy Code, as now amended, to hear and decide the Navy's claim. *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); 11 U.S.C. § 501 *et seq.;* 28 U.S.C. § 157(b)(2)(B). However, this Court will defer liquidation of the Navy claim to the ASBCA.

This Court does believe that it could, upon a showing that the liquidation process of ASBCA would unduly delay administration in this case, estimate the Navy's claim. 11 U.S.C. § 502(c)(1). This case has been on file since 1981 and no party has yet asserted delay as an issue to be considered by this Court. For this reason the Court declines to estimate the Navy's claim at this time.

This Court finds that it has jurisdiction to enter appropriate orders in this matter as a core issue under 28 U.S.C. §§ 157(a) and (b)(2)(B).

An Order consistent with this Memorandum Opinion will be entered on even date herewith.

ORDER DENYING DEBTOR'S OBJECTION TO CLAIM OF THE UNITED STATES ON NAVY CONTRACT N00024–80–C–2059

On the 5th day of January 1987 came on to be considered the Debtor's Objection to the claim of the United States of America relating to Navy Contract N00024–80–C–2059; and

The Court having considered the pleadings on file in this case and argument of counsel, finds that such objections should be denied in favor of allowing the Armed Services Board of Contract Appeals ("ASBCA") liquidate the claim pursuant to its authority under the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.* which this Court finds to be applicable, and in light of this Court's prior Order of August 10, 1982 modifying the automatic stay;

It is, therefore, ORDERED that the Debtor's Objection as stated above is DENIED and that this Court will abstain from liquidating the claim at issue, subject only to further orders of this Court.